UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS STANKEWITZ,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>ROBERT L. AYERS, JR., Acting Warden of San Quentin State Prison,<br><br>　　　　　　Respondent. | Case No. CIV. F-91-616-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Regarding Petitioner's Pro Se Motion for New Counsel (Doc. 526) and Counsels' Motion to Withdraw (Docs. 537 and 538); Referral to Selection Board; Denial of Respondent's Motion to Expand the Record (Doc. 542) |

　　　　Petitioner Douglas Stankewitz ("Stankewitz") filed a pro se request for new counsel in his ongoing federal habeas proceedings February 6, 2006. Stankewitz asserts that he has lost confidence and trust in his appointed counsel because they missed a deadline and did not adequately communicate with him. Stankewitz contends that counsels' error denied him the opportunity to file a petition for certiorari following the Ninth Circuit's ruling on his case. *See Stankewitz v. Woodford*, 365 F.3d 706 (9th Cir. 2004) (affirming denial of Stankewitz's guilt phase claims and remanding for an evidentiary hearing regarding the failure to investigate and present mitigation at penalty). The United States Supreme Court denied the motion to file a late petition. Stankewitz states that because of this missed deadline, as well as a breakdown in

communication with counsel, their relationship cannot be reconciled.

**Legal Standard**

The question of what legal standard should govern a federal habeas petitioner's request to substitute appointed habeas counsel has not been addressed by either the United States Supreme Court or the Court of Appeals for the Ninth Circuit.  It is not obvious that the standard for analyzing a defendant's request for substitution of *trial counsel* in the context of federal criminal prosecutions – which was crafted to ensure adequate protection of a defendant's Sixth Amendment right to the assistance of counsel during trial – should apply without modification in the very different context of a federal habeas corpus death penalty proceeding.  This proceeding is not a trial.  The role of federal habeas counsel differs significantly from the role of trial counsel.  Unlike at trial, Stankewitz has no *constitutional* right to the assistance of counsel in bringing this habeas challenge to the validity of his state court conviction and sentence. *See Coleman v. Thompson*, 501 U.S. 722, 755-56 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993).  To the extent that the standard governing motions for substitution of trial counsel reflects the need to protect the fundamental constitutional rights of a defendant in a criminal trial, *see, e.g., United States v. Williams*, 594 F.2d 1258, 1261 (9th Cir. 1979), that standard may not necessarily be applied in its entirety in a federal habeas corpus proceeding.

Although the Constitution confers no right to habeas counsel, Congress has created by statute "a mandatory right to qualified legal counsel and related services" so that indigent condemned prisoners can obtain legal assistance in challenging their convictions and death sentences in federal court. *McFarland v. Scott*, 512 U.S. 849, 854 (1994) (footnote omitted); 18 U.S.C. § 3599 (*see also* former statute 21 U.S.C. § 848(q)).  To date, only the Eighth and Tenth Circuits have

1 considered what legal standard should apply to a petitioner's request to
2 substitute habeas counsel appointed under this statute.  Both have concluded
3 that the trial standard should also be employed in the habeas context.  *See Hunter*
4 *v. Delo*, 62 F.3d 271, 274 (8th Cir. 1995); *Johnson v. Gibson*, 169 F.3d 1239, 1253-54
5 (10th Cir. 1999).  The Eighth Circuit reasoned the statute reflects a "congressional
6 mandate" for provision of qualified counsel, and that Congress must have
7 intended capital habeas attorneys to adhere to the usual professional standards
8 governing adequate representation of clients.  *Hunter*, 62 F.3d at 274 ("We do not
9 think Congress had in mind a lawyer who would not communicate with his or
10 her client, or who would file a petition without consultation with or
11 authorization from the client.").  In an abundance of caution, and in the absence
12 of binding authority from the Ninth Circuit or the United States Supreme Court,
13 the rationale of the two circuit courts who have addressed the issue is persuasive.
14 For the purpose of addressing this request, the applicable standard is the one
15 employed in the context of a federal criminal trial.

16        Applying this legal standard, a conflict between a habeas petitioner and
17 appointed counsel requires a balancing of the petitioner's need for counsel
18 against the government's interest in the prompt and efficient administration of
19 justice.  *United States v. Gonzalez*, 113 F.3d 1026, 1028 (9th Cir. 1997).  It must first
20 be determined whether the conflict between the petitioner and his appointed
21 counsel is so great that it will result in a total lack of communication preventing
22 counsel from providing adequate representation in the habeas corpus
23 proceeding.  *United States v. Mills*, 597 F.2d 693, 700 (9th Cir. 1979).  In balancing
24 the petitioner's need for counsel against the State's interest in the expeditious
25 resolution of this case, the Court should also consider the timeliness of the
26 request and the extent of any resulting inconvenience or delay.  *United States v.*

1  *Torres-Rodriguez*, 930 F.2d 1375, 1380 (9th Cir. 1991), *abrogated on other grounds by*
2  *Bailey v. United States*, 516 U.S. 137 (1995).

**Required Inquiry**

In order to conduct an adequate inquiry into the attorney-client relationship between Stankewitz and his appointed counsel, the court ordered a response by counsel regarding the conflict asserted by Stankewitz. On March 28 and 30, 2006, counsel filed ex parte, sealed responses detailing their view of the current status of the attorney-client relationship, and addressing Stankewitz's allegations regarding the late filing of his petition for certiorari.

Upon recommendation by the Selection Board of the Eastern District of California, on May 30, 2006, the Court appointed Lynne S. Coffin, Esq. as independent advisory counsel to consult with Stankewitz and current federal habeas counsel regarding the existence of any conflict. During a subsequent ex parte hearing, Ms. Coffin stated that based on her communication with Stankewitz and his current counsel, a conflict does exist. Current federal habeas counsel, Mr. Arguimbau and Ms. Hart, filed motions to withdraw as counsel of record for Stankewitz on October 3 and 4, 2006. Mr. Arguimbau stated that since he has moved to Massachusetts, it is impossible to represent Stankewitz from 3,000 miles away, but did not reveal any details stating why continued representation was impossible. Ms. Hart stated she was appointed second counsel to assist in preparing for an evidentiary hearing and that she did not contemplate ever serving as lead counsel on this case.

Counsel for Respondent Robert L. Ayers, Jr. ("the State") opposes the motions to withdraw as a source of needless delay. The State asserts it has recently become clear that Stankewitz made critical factual assertions which are false, and that trial counsel's files from Stankewitz's first trial, for which the State

1  was granted partial discovery, will likely eliminate the need for an evidentiary
2  hearing and provide the basis for denial of Stankewitz's remaining claim.  In light
3  of current counsel's familiarity with the record, the availability of electronic
4  filing, and Ms. Hart's proximity to the Court, the State urges denial of the
5  motions to withdraw.
6       Mr. Arguimbau filed a supplement to his motion to withdraw on October
7  26, stating that medical reasons prevent him from continuing as Stankewitz's
8  lawyer.
9  **Analysis**
10       In determining the extent of the conflict between Stankewitz and his
11  appointed counsel, the Court relies on the finding by independent counsel Lynne
12  Coffin that a conflict does exist.  This finding is reinforced by Stankewitz' pro se
13  filings and current counsels' motions to withdraw from representation of
14  Stankewitz.  Considering the government's interest in the prompt and efficient
15  administration of justice, the Court is cognizant of the delay that granting current
16  counsels' motions to withdraw will create.  Balancing Stankewitz' need for
17  counsel and the importance of federal habeas proceedings in ensuring the
18  constitutionality of state capital convictions, against the already significant delay
19  of nearly 29 years since the murder, the Court finds sufficient reason to justify the
20  grant of counsels' motions to withdraw and Stankewitz' pro se motion for new
21  counsel.  Although appointment of new counsel will cause delay, there remains
22  only one claim to be resolved from Stankewitz' petition and significant
23  investigation and expert consultation relating to that claim has already been
24  performed.
25  /////
26

**Conclusion**

Counsels' motions to withdraw from representation of Stankewitz are GRANTED. The orders appointing Nicholas Arguimbau and Katherine L. Hart are vacated. Stankewitz' pro se motion for appointment of new counsel is GRANTED. This case is referred to the Selection Board of Eastern District of California for recommendation of new counsel to represent Stankewitz.

In light of the temporary lack of representation for Stankewitz, the State's Motion to Expand the Record, filed November 21, 2006, is DENIED without prejudice to raising it again after the appointment of new counsel.

IT IS SO ORDERED.

**Dated:   December 4, 2006**              /s/ Anthony W. Ishii
b64h1h                                    UNITED STATES DISTRICT JUDGE