UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS RAY STANKEWITZ,<br><br>           Petitioner,<br><br>   vs.<br><br>ROBERT L. AYERS, JR., Warden<br>of San Quentin State Prison,<br><br>           Respondent. | Case No. CIV. F-91-616-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Appointing Counsel |

On February 6, 2006, Petitioner Douglas Ray Stankewitz ("Stankewitz"), a state prisoner facing capital punishment, filed a request for dismissal of his current counsel and appointment of new counsel for his proceedings in the Eastern District of California pursuant to 28 U.S.C. § 2254. Following an inquiry by the Court, Lynne S. Coffin, Esq. was appointed as independent advisory counsel to consult with Stankewitz and federal habeas counsel regarding the existence of any conflict. Subsequently, Stankewitz's federal habeas counsel filed motions to withdraw as counsel of record. Respondent Robert L. Ayers, Jr. ("the Warden") opposed the motions to withdraw. Independent counsel Coffin reported a conflict existed between Stankewitz and his appointed counsel. The motions of counsel to withdraw, and Stankewitz's motion for new counsel, were granted on December 4,

2006, and the case was referred to the Selection Board for the Eastern District of California for recommendation of new counsel to represent Stankewitz.

During the past year, periodic ex parte reports about the status of the search by the Selection Board for new counsel have been made to the Court.  Discussions were held with independent counsel Coffin, several of Stankewitz's prior attorneys, as well as with Stankewitz himself.  Taking into account Stankewitz's desire to pursue guilt phase claims which have already been rejected, his preference to proceed in pro per unless new counsel agrees to assert those guilt phase claims, and his general reservations about lawyers, the Selection Board has been unable to identify any private counsel suitable for appointment in this case, and foresee that additional efforts to locate private counsel also would be futile. The Federal Defender Capital Habeas Unit ("CHU") is available to accept appointment in Stankewitz's case, and although it is believed that Stankewitz will object, both the Selection Board and the Federal Defender believe the CHU is the best candidate under the circumstances.

Stankewitz submitted a pro se request in February, 2007, which was filed under seal because it contained confidential information, seeking to represent himself until new counsel was appointed.  That request was denied as it was determined self-representation would not be in Stankewitz's best interest and because the request was only intended to be temporary, until new counsel was appointed.  Stankewitz submitted a letter to the Court dated October 21, 2007, stating that as of that date no one was representing him, and requesting that the hearing ordered by the Ninth Circuit be held.  The Court is aware Stankewitz has been without representation since prior counsel was allowed to withdraw one year ago, and is further aware of Stankewitz's desire to pursue claims relating to his conviction.  Those claims, however, have already been rejected by this Court, and

affirmed on appeal by the Ninth Circuit.

The right to self-representation does not extend to post-conviction proceedings, but remains within the discretion of the Court. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 163 (2000). The Court, exercising its discretion, continues to find that self-representation would not be in Stankewitz's best interest. Self-representation is almost always unwise, and considering the complexity of capital habeas litigation may be detrimental. *Id.*, 528 U.S. at 161. "Congress' provision of a right to counsel [for federal petitioners challenging a state death sentence] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." *McFarland v. Scott*, 512 U.S. 849, 854 (1994) (internal quotes and citations omitted). This is especially true for the stage of proceedings Stankewitz faces, with a pending evidentiary hearing. Stankewitz's request to represent himself during federal habeas proceedings challenging his death sentence is DENIED.

The Office of the Federal Defender for the Eastern District of California, Capital Habeas Unit, is appointed to represent Stankewitz for all purposes in these proceedings. Counsel for Stankewitz shall set a telephonic case management conference within thirty days of the date of this order to discuss a schedule for the litigation in this case.

IT IS SO ORDERED.

**Dated:   December 18, 2007        /s/ Anthony W. Ishii**
                                    UNITED STATES DISTRICT JUDGE