UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUGLAS RAY STANKEWITZ, | ) | Case No. CIV. F-91-616-AWI-P |
| Petitioner, | ) ) | |
| | ) | <u>DEATH PENALTY CASE</u> |
| vs. | ) ) | |
| ROBERT L. AYERS, JR., Warden of San Quentin State Prison, | ) ) | Order Denying Petitioner's Request to Represent Himself [Doc. 553] |
| | ) | |
| Respondent. | ) ) | |

On February 6, 2006, Petitioner Douglas Ray Stankewitz ("Stankewitz"), a state prisoner facing capital punishment, filed a request for dismissal of his current counsel and appointment of new counsel for his proceedings in the Eastern District of California pursuant to 28 U.S.C. § 2254. Following an inquiry by this Court, Lynne S. Coffin, Esq. was appointed as independent advisory counsel to consult with Stankewitz and federal habeas counsel regarding the existence of any conflict. Subsequently, Stankewitz's federal habeas counsel filed motions to withdraw as counsel of record. Respondent Robert L. Ayers, Jr. ("the Warden") opposed the motions to withdraw. Independent counsel Coffin reported a conflict existed between Stankewitz and his appointed federal habeas counsel. The motions of counsel to withdraw, and Stankewitz's motion for new counsel, were

1  granted on December 4, 2006, and the case was referred to the Selection Board for
2  the Eastern District of California for recommendation of new counsel to represent
3  Stankewitz.

4  Over the next year, periodic ex parte reports about the status of the search
5  by the Selection Board for new counsel were made to the Court.  Discussions were
6  held with independent counsel Coffin, several of Stankewitz's prior attorneys, as
7  well as with Stankewitz himself.  The Selection Board was unable to identify any
8  private counsel suitable for appointment in this case.  The Capital Habeas Unit of
9  the Eastern District Federal Defender's Office ("CHU") was available to accept
10 appointment, and although it was believed that Stankewitz would object, both the
11 Selection Board and the Federal Defender for the Eastern District of California
12 believed the CHU to be the best candidate under the circumstances to represent
13 Stankewitz.

14 Stankewitz submitted a pro se request in February, 2007, which was filed
15 under seal because it contained confidential information, seeking to represent
16 himself until new counsel was appointed.  That request was denied as it was
17 determined self-representation would not be in Stankewitz's best interest and
18 because the request was only intended to be temporary, until new counsel was
19 appointed.  Stankewitz submitted a letter to the Court dated October 21, 2007,
20 stating that as of that date no one was representing him, and requesting that the
21 hearing ordered by the Ninth Circuit be held.  Stankewitz's request to represent
22 himself during federal habeas proceedings challenging his death sentence was
23 denied and the CHU was appointed to represent Stankewitz on December 18,
24 2007.

25 Stankewitz submitted a letter, filed March 11, 2008, seeking to represent
26 himself in his remaining federal proceedings.  Although previous pro se filings by

1  Stankewitz have been filed under seal because they contained disclosures about
2  confidential communications with counsel, this submission was filed publicly at
3  Stankewitz's request.  Stankewitz asserts the appointment of the CHU to represent
4  him is unacceptable.  Stankewitz does not give any specific reason why he objects
5  to representation by the CHU, other than an assumption that new counsel will "not
6  do their job right" and an assertion that new counsel "only does Mental Defense."
7  Stankewitz asserts that in 31 years, not one prisoner on death row in California has
8  received a new trial based on a mental defense.

9  　　　　Stankewitz cites to federal cases, which state that litigants have a statutory
10 right to choose to act as their own counsel, as authority that he must be allowed to
11 represent himself.  *See* Case No. CVF 02-6583 AWI SMS, Aug. 1, 2007, order at
12 pp. 1-3; and *C.E. POPE Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir.
13 1987).  However, the right to self-representation does not extend to any
14 proceeding after a criminal conviction.  *Martinez v. Court of Appeal*, 528 U.S.
15 152, 163-164 (2000), cited in *People v. Blair*, 36 Cal. 4th 686, 737 (2005).  A
16 post-conviction court may exercise broad discretion when considering what
17 representation to allow on appeal, and in light of the best interests of both the
18 prisoner and the government may require an indigent inmate to accept against his
19 will an attorney for representation without violating the federal Constitution.  *See*
20 *Martinez*, 528 U.S. at 163.  This Court, exercising its discretion, previously
21 determined that self-representation would not be in Stankewitz's best interest.
22 Nothing in Stankewitz's current request changes that determination.

23 　　　The Warden's motion to expand the record with the defense counsel's trial
24 file from Stankewitz's first trial is currently pending before this Court.  After a
25 determination is made about the pending motion, the issues presented by the Ninth
26 Circuit's remand will be considered.  Proceedings such as these require the

1 assistance of an experienced capital lawyer. Stankewitz's request to represent
2 himself in his federal proceedings is DENIED.

4 IT IS SO ORDERED.

6 DATED:   March 12, 2008

　　　　　　　　　　　　　　　　　　　　　　　/s/ Anthony W. Ishii
　　　　　　　　　　　　　　　　　　　　　　United States District Judge