1
2
3
4
5
6                      UNITED STATES DISTRICT COURT

7                     EASTERN DISTRICT OF CALIFORNIA

8

9  DOUGLAS RAY STANKEWITZ,              ) Case No. 1:91-cv-616-AWI
                                        )
10                   Petitioner,        )
                                        )
11     vs.                              ) DEATH PENALTY CASE
                                        )
12  ROBERT WONG, Acting Warden          ) Order Granting in Part and
    of San Quentin State Prison,        ) Denying in Part Petitioner's
13                                      ) Motion to Expand the Record
                     Respondent.        ) (Doc. 588)
14  _____ )

15

16        Petitioner Douglas Ray Stankewitz ("Stankewitz"), seeks to expand

17  the record with documents, lodged in these proceedings, from the post-

18  conviction proceedings of Troy Jones, California Supreme Court Case No.

19  S16628.  Specifically, Stankewitz seeks expansion of the record with the

20  transcript of the testimony of trial counsel Hugh Goodwin ("Goodwin")

21  during the October 1992 reference hearing held before the Merced Superior

22  Court in *In Re Troy Jones*, as well as the subsequent Reference Report issued

23  by Judge William Ivey.  Stankewitz asserts these documents are relevant to

24  the deposition of his claim that Goodwin rendered ineffective assistance of

25  counsel during the penalty re-trial of his case.

26        Stankewitz asserts Goodwin's testimony during the reference

1  hearing in the *Jones* case includes facts about his general practices, and is

2  relevant to whether his performance was deficient in this case.  Stankewitz

3  contends Goodwin testified that in 1982, the year before Stankewitz's trial,

4  he did not have a secretary and was practicing out of his home, and

5  admitted that (1) it was his general practice to go out and talk to witnesses

6  himself, (2) he never thought about obtaining funds for experts,

7  investigators or paralegals, (3) he obtained no school, medical, correctional

8  or other records regarding Mr. Jones, and (4) he did everything he needed

9  himself.  Stankewitz argues Goodwin's testimony documents the standard

10  of practice he employed in trying capital cases in the year before

11  Stankewitz's trial, and supports the recollection of Stankewitz's first trial

12  counsel, Sal Sciandra, that Goodwin was practicing out of his house and

13  did not employ co-counsel, investigators, paralegals, or consultants.

14      In the report following the reference hearing in *Jones*, Judge Ivey

15  concluded that Goodwin failed to adequately investigate mitigation in

16  preparation for the penalty phase of Mr. Jones' capital trial, that substantial

17  mitigation evidence existed which Goodwin never investigated or

18  presented, and that Goodwin's failure to apply for funds for investigators

19  and experts was unreasonable and deprived the defense of valuable

20  resources.  Stankewitz argues Goodwin's performance in the *Jones* case,

21  which was found deficient, was identical to his performance in this case,

22  and given the similarities and similar time period, the finding of deficient

23  performance in *Jones* is relevant to the evaluation of Goodwin's

24  performance here.  Stankewitz contends, as stated in Judge Reinhardt's

25  concurrence from *Wade v. Calderon*, 29 F.3d 1312 (9th Cir. 1994), that

26  evidence of counsel's deficient performance in one case can show that

1  deficient performance in another case was not an aberration.

2       The Warden objects to expansion of the record, contending this Court

3  has previously found past history irrelevant to whether Goodwin provided

4  effective assistance in this case.  The Warden argues that individualized

5  prejudice must still be shown as required under *Strickland*, despite a

6  pattern and practice of ineffective assistance, *Sanders v. Ratelle*, 21 F.3d

7  1446, 1460-61 (9th Cir. 1994); *Berkey v. United States*, 21 F.3d 768, 774 (7th

8  Cir. 2003), and that the inquiry should not be transformed into a general

9  inquisition of defense counsel's record and reputation.  *Bonin v. Calderon*,

10  59 F.3d 815, 828 (9th Cir. 1995).

11      Stankewitz replies that Goodwin's testimony about the manner in

12  which he represented Troy Jones in a capital case the year before

13  Stankewitz's trial provides powerful corroboration for Goodwin's 1989

14  declaration submitted in support of Stankewitz's petition, as well as

15  corroborates Sal Sciandra's declaration regarding Goodwin's standard of

16  practice.  In light of the fact that Goodwin's testimony during the *Jones*

17  hearing was subject to cross-examination, that Goodwin is now deceased,

18  and that the Warden has questioned the validity of statements contained in

19  Goodwin's past declarations, Stankewitz contends the testimony reveals

20  important details about Goodwin's standard of practice in capital cases.

21  Additionally, Stankewitz notes the findings of the reference judge, that

22  Goodwin did nothing to prepare for the penalty phase in the *Jones* case and

23  that he rendered grossly ineffective assistance, are relevant to the

24  disposition of this case.

25      Habeas Rule 7 grants a district court the discretion to expand the

26  record with additional materials which are relevant to the petition.  Rule

1    7(a) of Rules Governing Section 2254 Cases.  The rule is intended to help

2    district courts "clarify the relevant facts."  *Vasquez v. Hillery,* 474 U.S. 254,

3    258 (1986).  The court may order the record expanded either in place of, or

4    in addition to, holding an evidentiary hearing.  *See* Advisory Committee

5    Note to Habeas Rule 7; *Harris v. Nelson,* 394 U.S. 286, 300 (1969).

6         Stankewitz's request to expand the record with documents from the

7    reference hearing of Troy Jones is GRANTED in part and DENIED in part.

8    Expansion of the record is GRANTED as to Goodwin's testimony at the

9    reference hearing.  To the extent the testimony describes Goodwin's

10   general practice in a capital trial at a similar time to his representation of

11   Stankewitz, it is relevant to the issue before the Court.  Expansion of the

12   record is DENIED as to the Reference Report of Judge Ivey.  The

13   determination that Goodwin rendered deficient performance in the Troy

14   Jones case has little relevance to the issue before the Court.

15

16   IT IS SO ORDERED.

17   **Dated:    July 13, 2009**                    **/s/ Anthony W. Ishii**
                                          CHIEF UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26