UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS RAY STANKEWITZ,<br><br>           Petitioner,<br><br>   vs.<br><br>ROBERT WONG, Acting Warden<br>of San Quentin State Prison,<br><br>           Respondent. | Case No. 1:91-cv-616-AWI<br><br><u>DEATH PENALTY CASE</u><br><br>Order Regarding Respondent's Motion for Reconsideration of Order Granting Petition and Vacating December 14, 2009 Hearing |

An order granting the petition for writ of habeas corpus filed by Petitioner Douglas Ray Stankewitz ("Stankewitz") was issued September 22, 2009, and judgment entered concurrently. On October 1, 2009, Respondent Robert Wong ("the Warden") filed a request for stay of the judgment and a motion for reconsideration, setting a hearing on the motion for Monday, December 14, 2009, at 2:30 p.m. An order granting the Warden's request for a stay of the judgment pending resolution of the motion for reconsideration was issued October 15, 2009. Stankewitz filed an opposition to the motion for reconsideration November 30, 2009.

The Warden presents two objections to the order granting the petition:

1. This Court's conclusion granting the petition fails to recognize the extent to which the factual allegations relied on by the Ninth Circuit were decimated on remand and misconstrues the extent to which the Ninth Circuit's prejudice assessment dictated the conclusion in light of those changed facts.

The Warden asserts the Ninth Circuit's opinion was rendered under the assumption that Stankewitz's allegations were true in finding that trial counsel was ineffective in failing to adequately investigate and present mitigation, and that it became clear on remand Stankewitz's allegations included falsehoods, misrepresentations, and exaggerations which completely undermined the claim.[1] In light of these changes, the Warden asserts the Ninth Circuit's conclusion that a "more complete presentation" could have made a difference in Stankewitz's sentence, and that "there was a reasonable probability that the jury would not have sentenced Stankewitz to death" with the presentation of this evidence, has been completed undermined.

---

[1] The Warden notes the following questionable allegations: (1) trial counsel's declaration stating he had not obtained or reviewed records from Stankewitz's first trial and appeal (which has been found to be false); (2) assertions of sexual abuse at Napa State Hospital (which have no credible support and appear based on the account of a troubled individual with no first-hand knowledge); (3) background information regarding troubled members of Stankewitz's family and claims of abuse by, and drug and alcohol use at the hands of, those family members (which is undermined by the fact that Stankewitz lived with his family for only a few months between age six and the time of Theresa's murder); (4) habeas experts' assertions that Stankewitz is brain-damaged (which are contradicted by extensive psychiatric and psychological examinations finding Stankewitz did not suffer from a mental disease); (5) implication of abuse or neglect in the assertion that Stankewitz was taken to the emergency room three times before his first birthday (where records reveal two of the visits were for common maladies); (6) claim that Stankewitz witnessed the murder of one of his father's fellow gang members (where there is no evidence of the time, place, or victim of such a murder); (7) assertion that Stankewitz was "partying" with his brother William in the days prior to Theresa's murder (where William's interview indicates he had not seen Stankewitz for more than a year); and (8) the lengthy social history (which was revealed to be merely a conduit for Stankewitz's untested statements).

The Warden contends that Stankewitz's emotional outbursts and acts of violence over the course of his life, as chronicled in the order granting the petition,[2] do not establish prejudice but simply confirm the numerous diagnoses that Stankewitz was a sociopath.  The Warden asserts there is no reasonable probability that presentation of such evidence would have impacted the sentence imposed by jurors in both of Stankewitz's trials, and that it is highly improbable that the failure to present this evidence was prejudicial.

Stankewitz responds that the Warden's motion rehashes arguments made in his brief on remand, which remain unavailing.  Stankewitz urges the Court to make additional findings of prejudice due to trial counsel's failure to present evidence of his sub-average intellectual functioning, his drug use around the time of the crime, and further evidence of his family history.

Accepting the Warden's argument that Goodwin's review of the investigation files from Stankewitz's first trial would satisfy the performance prong of *Strickland*, and so undermine the Ninth Circuit's conclusion that trial counsel was ineffective for failing to investigate, it does not undermine the Ninth Circuit's conclusion of prejudice:  that a "more complete presentation, including even a fraction of the details Stankewitz now alleges," could have made a difference in the sentence.  *Stankewitz v. Woodford*, 365 F.3d 706, 724-725 (9th Cir. 2004).

2.       The Court's conclusion fails to address the significance of *Schriro v.*

---

[2] The Warden requests clarification of the order granting the petition, where certain allegations are acknowledged to have questionable support, and other allegations that incorporate the same facts are not specifically mentioned.  The Court's recitation of Stankewitz's allegations does not infer acceptance of those allegations as true, and references to facts with questionable support extend to all allegations which incorporate those facts.

*Landrigran*, 550 U.S. 465 (2007) with respect to Stankewitz's opposition of a penalty phase defense.

The Warden observes that in rejecting Stankewitz 's petition in 2000, this Court noted that Stankewitz was opposed to presenting any penalty defense, and particularly to any defense which involved the use of family members as witnesses or the use of expert witnesses.  On remand, the Ninth Circuit responded that Stankewitz's purported objections to mitigating evidence appears not to have been 'informed and knowing' since there was no evidence trial counsel conducted an adequate investigation.  The Warden contends, as he did in his brief on remand, that it is now known trial counsel did obtain and review all the evidence from the first trial and appeal, and given that Stankewitz received a death sentence after his counsel at the first trial conducted a full investigation, his objection was informed and knowing.  The Warden argues that following the Ninth Circuit's remand, a United States Supreme Court case cast substantial doubt on whether there is an informed and knowing requirement for a defendant's decision not to present mitigation.  *Schriro v. Landrigan*, 550 U.S. 465, 478-79 (2007).  The Warden contends that absent an informed and knowing requirement, trial counsel's acceptance of Stankewitz's desire not to present further mitigation was clearly not prejudicial.  The Warden urges this Court to address the issue and the impact of the *Landrigan* decision.

Stankewitz responds the Ninth Circuit already has rejected, as "belied by the record," the argument that trial counsel was justified in not presenting mitigation due to Stankewitz's alleged opposition.  Further, Stankewitz notes this Court found the uncontested facts were sufficient to establish prejudice from trial counsel's failure to present more than a minimal case in mitigation.  Stankewitz asserts the Warden has not disputed most of the basic facts regarding trial

counsel's performance,[3] and has instead repeated the unsuccessful argument that trial counsel's failure to present available mitigation is excused by Stankewitz's alleged objections.  As noted by the Ninth Circuit and shown by the record, trial counsel did introduce penalty phase witnesses, including a member of Stankewitz's family (by marriage), and a probation officer who testified briefly about Stankewitz's abuse and early institutionalizations.  Stankewitz argues that where trial counsel has not refrained from presenting mitigation evidence, disregarding any objections by the defendant, the effect of an alleged refusal to cooperate does not need to be analyzed.  *Hamilton v. Ayers*, 583 F.3d 1100, 1119 (9th Cir. 2009).  Stankewitz notes that while this Court found trial counsel's conduct unreasonable, the Warden's continuing arguments on this issue have not been explicitly rejected, and asserts the Court should do so now to clarify the record on appeal.

*Landrigan* is distinguishable from Stankewitz's case.  Mr. Landrigan stated to the trial court that he did not want mitigation presented, and when the trial judge questioned counsel about available mitigation, Mr. Landrigan interrupted with contradictory and damaging information.  550 U.S. at 469-470.  As noted in the 2000 order denying the petition, Stankewitz made appropriate and understandable objections to various events during the trial, indicating he could, and did, make his objections known.  *See* Doc. 448 at p. 18-19.  But despite his alleged objection to the presentation of mitigation evidence, Stankewitz did not

---

[3] Stankewitz asserts the following facts are not contested: (1) trial counsel did not consult with counsel from the first trial, did not hire an investigator or expert to prepare for trial, and did not interview any of Stankewitz's family or any expert witnesses for possible use at trial; (2) trial counsel was practicing out of his house at the time of Stankewitz's trial and generally did not use paralegals, investigators, or professional consultants in capital cases; and (3) regarding a capital case tried the year before Stankewitz's trial, trial counsel admitted he never thought about hiring experts, paralegals or investigators, failed to even obtain secretarial assistance, and did everything he felt needed to be done in capital cases by himself.

1  interrupt or try to sabotage trial counsel's presentation.

3      The Warden's motion for reconsideration is DENIED.  The hearing set for December 14, 2009, at 2:30 p.m. is vacated.  The stay of judgment entered October 15, 2009, is vacated.  The writ of habeas corpus shall issue directing the State of California to vacate and set aside the death sentence in *People v. Douglas Ray Stankewitz*, Fresno County Superior Court Case No. 227015-5, unless within 90 days of the date of this order, the State of California initiates proceedings to retry Stankewitz's sentence, or alternatively, re-sentences him to life without the possibility of parole.

15  IT IS SO ORDERED.

16  **Dated:   December 10, 2009**         /s/ Anthony W. Ishii
                                                                             CHIEF UNITED STATES DISTRICT JUDGE