FILED

MAR 09 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS RAY STANKEWITZ, ) | Case No. 1:91-cv-00616 AWI |
| Petitioner, ) | DEATH PENALTY CASE |
| vs. ) | |
| ) | ORDER DENYING PETITIONER'S PRO |
| MICHAEL MARTEL, as Acting Warden of ) | SE MOTION |
| California State Prison at San Quentin,* ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court pursuant to a Pro Se Motion, filed January 28, 2011, from Petitioner Douglas Ray Stankewitz ("Stankewitz") seeking removal of appointed counsel, recusal of the assigned judge, an evidentiary hearing, and relief from his conviction based on his assertion of actual innocence. Stankewitz contends the Fresno County Public Defender, who represented him during his first trial in 1978, conspired with the prosecutor and trial court to frame him by concealing material evidence of his actual innocence: (1) that he tested negative for gunshot residue when arrested: (2) that he was not in the victim's car when it was temporarily stopped by the police after the murder; and (3) that the sole trial witness against him, Billy Brown, was on probation at the time of the killing and trial and had motive to blame Stankewitz for the killing instead of putting the blame on Brown's friend, Martin Lewis.

Stankewitz was convicted of the February 8, 1978 murder, kidnapping, and robbery of Theresa Greybeal, and sentenced to death. The California Supreme reversed his conviction due to the trial court's denial of a competency hearing. *People v. Stankewitz*, 32 Cal. 3d 80 (1982) ("*Stankewitz I*").

---

\* Michael Martel is substituted for his predecessor as Warden of San Quentin State Prison, pursuant to Federal Rule of Civil Procedure 25(d).

ODenyingProSeMts2011Stnk.wpd

1   On retrial, Stankewitz was afforded a competency hearing but after his refusal to talk with court-
2   appointed doctors, private counsel was appointed and he was found competent to stand trial. Stankewitz
3   was again convicted of the same charges and sentenced to death. His state habeas petition was denied
4   and his conviction and sentence were affirmed by the California Supreme Court. *People v. Stankewitz*,
5   51 Cal. 3d 72 (1990 ) ("*Stankewitz II*").

6         Stankewitz filed in federal court November 15, 1991, and his federal habeas petition was denied
7   December 22, 2000. Stankewitz appealed, and on April 8, 2004, the Ninth Circuit remanded his petition
8   for an evidentiary hearing on his claim of ineffective assistance of counsel at penalty for failure to
9   investigate and/or present evidence in mitigation. On November 15, 2004, the United States Supreme
10  Court denied Stankewitz's motion to file an out-of-time certiorari petition challenging the Ninth
11  Circuit's denial of his remaining claims. On remand, Stankewitz sought and was granted new counsel
12  because of the missed deadline. Stankewitz's petition was granted as to penalty September 21, 2009.
13  The Warden appealed and a stay of judgment was granted January 13, 1010. The Warden has filed his
14  opening brief, Stankewitz filed his opposing brief, and the Warden's reply was filed January 25, 2011.
15  (Case No. 10-99001.)

16        Generally, a habeas petition is classified as second or successive if a prior petition has been
17  decided on the merits, the subsequent petition asserts a claim that was or could have been raised in the
18  prior habeas petition, and the prior and subsequent petition challenge the same conviction. 28 U.S.C.
19  § 2244(a) and (b)(1). Stankewitz's current filing is subject to the limitations of the Anti-terrorism and
20  Effective Death Penalty Act ("AEDPA"). AEDPA requires the applicant of a second or successive
21  petition for a writ of habeas corpus must obtain an order from the Court of Appeals authorizing
22  consideration of the petition by the District Court. 28 U.S.C. § 2244(b)(3)(A). Without such
23  authorization, the District Court lacks jurisdiction to hear the claims. *See Burton v, Stewart*, 549 U.S.
24  147, 149 (2007); *Ochoa v. Simons*, 485 F.3d 538, 541-42 (10th Cir. 2007) (assertion of a new claim
25  made while denial of original habeas petition is on appeal is considered a second or successive petition).
26  If a petitioner erroneously files a second or successive habeas petition in a district court without first
27  obtaining permission from the Court of Appeals, the District Court's only option is to dismiss the
28  petition.

1  Stankewitz's Pro Se Motion, filed January 28, 2011 (Doc. No. 617) is DISMISSED.

3  IT IS SO ORDERED.

5  Dated:    March 9, 2011

*signature*
Anthony W. Ishii
United States District Judge